[Cite as *State ex rel. Infinity Secs., Inc. v. Froment*, 2020-Ohio-5090.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Infinity Securities, Inc., | : | |
| Relator, | : | |
| v. | : | No. 19AP-197 |
| Jillian Froment, in her official capacity as the Superintendent of the Ohio Department of Insurance, | : : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on October 29, 2020

**On brief:** *Graff & McGovern, LPA,* and *John A. Izzo,* for relator. **Argued:** *John A. Izzo.*

**On brief:** *Dave Yost,* Attorney General, *Crystal R. Richie,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Infinity Securities, Inc., initiated this original action requesting that this court issue a writ of mandamus ordering respondent, Jillian Froment, Superintendent of the Ohio Department of Insurance, to issue an order in the pending administrative proceedings before the department relative to relator's permit application.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that the parties agreed the action has become moot through resumption of the

administrative proceedings before respondent. Thus, the magistrate recommends this court grant respondent's motion to dismiss and deny relator's motion for fees.

{¶ 3} Relator has filed objections to the magistrate's decision. Through its objections, relator argues that the magistrate erred in denying its motion for fees. Specifically, relator argues that even though the magistrate correctly determined the request for the writ of mandamus was moot, the magistrate nonetheless erred when it determined that relator was not a "prevailing party" within the meaning of R.C. 2335.39.

{¶ 4} Relator sought its award of fees under R.C. 2335.39(B)(1), which provides that in a civil action in which the state is a party, a "prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal." Pursuant to R.C. 2335.39, a "[p]revailing eligible party" is "an eligible party that prevails in an action or appeal involving the state." R.C. 2335.39(A)(5). The magistrate determined that relator did not satisfy the definition of "prevailing eligible party" because relator did not prevail in the present action by obtaining its requested writ of mandamus.

{¶ 5} Here, the parties agree that the request for the writ is moot. Though relator asks us to consider it a "prevailing party" on the basis that it likely would have prevailed had respondent waited to take action and instead let this court consider the merits of the petition for a writ of mandamus, relator cites no legal authority supporting that position. Additionally, while relator argues it should be considered a "prevailing party" since it obtained the relief it requested, we note that the statutory definition of "prevailing eligible party" requires the party to prevail "*in an action...*" (Emphasis added.) R.C. 2335.39(A)(5). Relator did not prevail in the action, rather it received the decision it requested before the action terminated. Accepting relator's argument would require this court to ignore the statutory definition of "prevailing eligible party," which we decline to do. Instead, we agree with the magistrate that when the request for the writ of mandamus is moot, the "matter lacks a 'prevailing party,' the presence of which would raise the question of attorney fee recovery." *State ex rel. Gallucci v. Brown*, 10th Dist. No. 91AP-453, 1991 Ohio App. LEXIS 4569 (Sept. 26, 1991). Therefore, we overrule relator's objections to the magistrate's decision.

{¶ 6}   After examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule relator's objections and adopt the magistrate's findings of fact and conclusions of law. Accordingly, we grant respondent's motion to dismiss the complaint and deny relator's motion for fees.

*Objections overruled; motion for fees denied; case dismissed.*

BROWN and BEATTY BLUNT, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Infinity Securities, Inc.,           :

          Relator,                                        :

v.                                                               :                                 No.  19AP-197

Jillian Froment, in her official capacity as     :                            (REGULAR CALENDAR)
the Superintendent of the Ohio Department
of Insurance,                                            :

          Respondent.                                 :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 9, 2020

*Graff & McGovern, LPA,* and *John A. Izzo,* for relator.

*Dave Yost,* Attorney General, *Crystal R. Richie,* for respondent.

IN MANDAMUS ON RESPONDENT'S
MOTION TO DISMISS AND MOTION FOR FEES

{¶ 7} Relator in this original action, Infinity Securities, Inc., sought a writ of mandamus ordering respondent, Jillian Froment, Superintendent of the Ohio Department of Insurance, to issue an order in pending administrative proceedings before the department.  Respondent has moved to dismiss this action as moot, a posture that relator does not dispute except for relator's pending motion for fees.

Findings of Fact:

{¶ 8} 1.  Relator initiated this original action with a complaint in mandamus filed April 5, 2019.

{¶ 9} 2.  The complaint avers that relator is an independent investment advisor based in Oakland, California, with 52 branch offices across the United States.  On or about November 2, 2016, relator applied for a license to conduct business as an insurance agent in Ohio.

{¶ 10} 3.  The Ohio Department of Insurance is a state agency created pursuant to R.C. 3901.01 whose powers are defined in the ensuing provisions.

{¶ 11} 4. Respondent is charged with issuing and renewing insurance licenses pursuant to Title 39 of the Ohio Revised Code. Under R.C. 3905.14(B)(1), respondent may refuse a license if the applicant has provided incorrect, misleading, incomplete, or materially untrue information in the application.

{¶ 12} 5.  Respondent's main offices are in Franklin County, Ohio.  Jurisdiction and venue over this original action lie with the court pursuant to Section 3(B)(1), Article IV, Ohio Constitution, and R.C. 2731.02.

{¶ 13} 6.  Relator's complaint concedes that a clerical error on its application with the department led to the omission of necessary information regarding an administrative action previously considered by the Alabama Division of Securities in 2012.

{¶ 14} 7.  Relator's complaint states that the department and relator could not agree on the steps necessary to resolve the application error.  Respondent proposed a consent order involving a civil penalty and administrative costs.  Relator declined on the basis that accepting a civil penalty would create repercussions with other state regulators, which relator felt was unwarranted for an inadvertent mistake.

{¶ 15} 8.  Relator's complaint avers that relator requested that respondent initiate formal charges so that an impartial hearing examiner, pursuant to respondent's administrative adjudication process, could examine the matter.

{¶ 16} 9. Attached to relator's complaint is a copy of the resulting hearing officer's report and recommendation.  This report "recommends that no formal violation be cited since it appears that there was an honest mistake made on the application.  Infinity Securities can be assessed administrative costs for the mistake." (Report and Recommendation, at 6.)

{¶ 17} 10. Relator filed objections to the hearing officer's report and recommendation raising only procedural points. Relator complained that the hearing officer erred in refusing to take judicial notice of evidence and apply R.C. 119.14, and further erred in declining to consider that Ohio Governor's Executive Order 2011-01K applied to the matter. Relator did not object to the hearing officer's conclusions and recommendation.

{¶ 18} 11. The stipulated record of administrative proceedings in this matter has not yet been filed, but neither party disputes the accuracy and relevance of the documents from the administrative proceedings that were attached to relator's complaint and the parties' subsequent pleadings.

{¶ 19} 12. Relator's complaint further avers that, one year after the hearing officer's report and recommendation issued, respondent has held no further proceedings, nor rendered an order resolving the permit application. Relator has been unable to conduct business in Ohio in the interim. Relator's complaint avers that relator received assurances from counsel for respondent on August 30, 2018 that an order would be forthcoming. As of the filing of this mandamus action, no such order had been issued by respondent.

{¶ 20} 13. In the absence of an answer to the complaint, relator moved for default judgment on May 24, 2019.

{¶ 21} 14. Respondent moved for an extension of time in which to answer on May 30, 2019.

{¶ 22} 15. The magistrate denied relator's motion for default judgment on May 31, 2019, and in the same order granted respondent until June 6, 2019 to file an answer.

{¶ 23} 16. Respondent filed an answer on June 6, 2019, which did not contest the substance and chronology presented in relator's complaint.

{¶ 24} 17. On June 18, 2019, respondent filed a motion to dismiss the complaint as moot, asserting that respondent had issued an order on June 7, 2019 that resumed administrative proceedings in the matter and rendered the present mandamus action moot.

{¶ 25} 18. The administrative order issued by respondent on June 6, 2019 approves in part and modifies in part the hearing officer's report and recommendation. "[T]he recommendation is modified to reflect that Infinity submitted incorrect, misleading, and/or materially untrue information in its license application and in violation of R.C. 3905.14(B)(1). * * * The hearing officer further recommended that Infinity 'can be assessed administrative costs[.]' This recommendation is affirmed and approved. Accordingly, Infinity is hereby assessed administrative costs in the total amount of eight hundred seventy-six dollars and 21 cents ($876.21), to be paid in full within (30) days of the effective date of this order. Upon timely and total payment of the administrative costs, the license application of Infinity will be approved." (June 6, 2019 Order, at 3.)

{¶ 26} 19. Relator filed on June 20, 2019 a memorandum in opposition to the motion to dismiss combined with a motion for an award of fees for attorney fees and costs incurred in filing and prosecuting this mandamus action.

{¶ 27} 20. Relator's motion for fees seeks $1,878 in fees and costs pursuant to R.C. 2335.39(B)(1). Attached to the motion is an itemized fee statement describing the time expended by counsel for relator in this mandamus action billed at $275 per hour, for a total of 7.1 hours worked. The total attorney time billed amounts to $1,775, to which relator has added $103 in filing fees.

{¶ 28} 21. Respondent filed a memorandum in opposition on July 9, 2019, asserting that relator is not entitled to fees under R.C. 2335.39, and that moreover, the hourly rate applied in the fee statement is three times that allowed by law.

{¶ 29} 22. Relator filed a reply memorandum on July 11, 2019.

Discussion and Conclusions of Law:

{¶ 30} Relator seeks an award of fees under Ohio's Equal Access to Justice Act, R.C. 2335.39(B)(1), providing in pertinent part as follows:

> Except as provided in divisions (B)(2) and (F) of this section, in a civil action, or appeal of a judgment in a civil action, to which the state is a party, or in an appeal of an adjudication order of an agency pursuant to section 119.12 of the Revised Code, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal.

> Compensation, when payable to a prevailing eligible party under this section, is in addition to any other costs and expenses that may be awarded to that party by the court pursuant to law or rule.

R.C. 2335.39(B)(1) thus applies in favor of "prevailing parties" in a civil action or appeal to which the state is party.

{¶ 31} Because the parties agree that, apart from the present fee issue, the action has become moot through resumption of the administrative proceedings before respondent, relator is not a "prevailing party" because relator did not prevail in the present action by obtaining a writ. *State ex rel. Gallucci v. Brown*, 10th Dist. No. 91AP-453 (Sept. 26, 1991) ("Because the question is moot, this matter lacks a 'prevailing party,' the presence of which would raise the question of attorney fee recovery.") While relator doubtless would take the position that the mandamus action has achieved the desired effect by stimulating respondent's issuance of the June 6, 2019 administrative order, that does not make relator a prevailing party as required by R.C. 2335.39(B)(1). Moreover, this court has at least questioned whether this statute applies to mandamus actions before this court, where an award of fees is recoverable as damages under R.C. 2731.11 or made under specific statutes relating to various types of action, such as R.C. 149.43(C) for public records actions. *See generally*, *Gallucci*; *but see*, *Arcenio v. Youngstown State Univ.,* 7th Dist. No. 14 MA 0163, 2016-Ohio-4812 (proposing broader interpretation of terms "civil action" and "initiated by the state.") The magistrate further notes that, while this is not pertinent to the question of whether relator prevailed in the present action, relator was not the prevailing party in administrative proceedings either, since the final order finds a sanctionable deficiency in relator's license application.

{¶ 32} In summary, the magistrate agrees with the parties that this mandamus action has become moot. Respondent's motion to dismiss for failure to state a claim is granted based upon lack of a justiciable controversy. Relator's motion for fees is denied.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).